IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARMECCO ANTONIO FLEMINO,

                    Plaintiff,                              OPINION AND ORDER

        v.
                                                            21-cv-187-wmc

EAU CLAIRE COUNTY JAIL,

                    Defendant.

*Pro se* plaintiff Armecco Antonio Flemino has filed a complaint alleging that he was denied adequate out-of-cell time and deprived of bedding and certain personal property while housed in segregation at the Eau Claire County Jail in violation of Department of Corrections ("DOC") policy and his Eighth Amendment rights.  Flemino's complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2), 1915A.  After review, the court concludes that the complaint is subject to dismissal but will give Flemino an opportunity to file an amended complaint that corrects the deficiencies described below.

ALLEGATIONS OF FACT[1]

Flemino, a Minnesota citizen, was incarcerated at the Eau Claire County Jail in Eau Claire, Wisconsin from June 5 through October 22, 2020, and housed in segregation from July 10 through September 16, 2020.  While in segregation, Flemino was allegedly allowed out of his cell for 30 minutes three days a week to shower, call home, and call his attorney. Flemino alleges that this policy is in violation of Wis. Admin. Code § DOC 350.33(3), which provides that a jail's recreation policy shall include, "[w]hen and where available, at

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

least one hour of daily exercise and recreation" outside the cell or outdoors. In addition, Flemino alleges he was deprived of his mattress, bedding, and all his personal property except for his bible, a cup, a toothbrush, and toothpaste. He was allowed a towel, but only from 8:00 a.m. until 8:00 p.m. Flemino alleges that these deprivations violated the Eighth Amendment and Wis. Stat. § 302.08, which provides that "[t]he wardens and superintendents and all prison officials shall uniformly treat the inmates with kindness" without "corporal or other painful and unusual punishment." Flemino seeks $200,000 in damages and "an order for the defendant to change their policy." (Dkt. #1 at 4.)

## OPINION

Unfortunately, plaintiff's complaint must be dismissed without prejudice because his allegations fail to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8, and he also fails to name a proper defendant. Rule 8(a) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("a plaintiff must provide notice to defendants of her claims"). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To begin, plaintiff indicates on the complaint form that he is invoking this court's jurisdiction under 28 U.S.C. § 1332, meaning that he wishes to proceed under state law against defendants of a different state and the amount in controversy is more than

2

$75,000.  (Dkt. #1 at 4.)  These criteria appear to have been met.  However, the court is unaware of any authority that would allow an individual to recover damages in federal court for violations of Wis. Admin. Code § DOC 350.33 or Wis. Stat. § 302.08.  As this and at least one other court have noted, Wis. Stat. § 302.08 appears to be an enabling statute invoked solely in authorizing various DOC regulations that does not create a private cause of action.  *See Lobley v. Yang*, No. 18-cv-812-pp, 2019 WL 136693, at *3 (E.D. Wis. Jan. 8, 2019) ("As far as the court can tell, however, this provision does not create a private right of action"); *Gruenberg v. Bittleman*, No. 13-cv-453-wmc, 2014 WL 3736497, at *2 (W.D. Wis. July 29, 2014) (denying plaintiff leave to proceed on a claim under Wis. Stat. § 302.08 absent evidence that the statute creates a private cause of action, and citing DOC regulations invoking the statute).  Moreover, there is no indication that DOC policies create a private cause of action for prisoners either.  *Kranzush v. Badger State Mutual Insurance Co.*, 103 Wis.2d 56, 74-79, 307 N.W.2d 256, 266-68 (1981) (right of action to enforce statute or regulation does not exist unless directed or implied by legislature); *see also Garner v. Foster*, 18-cv-552-jdp, 2018 WL 6573122, at *3 (W.D. Wis. Dec. 13, 2018) (noting that "DOC administrative policies do not provide prisoners with private causes of action" and advising plaintiff to consider filing a grievance or to petition for a writ of certiorari in state court).  Absent contrary authority, plaintiff cannot proceed on his state law claims.

Plaintiff also alleges a violation of his federal constitutional rights, but he has not named a proper defendant.  Under 42 U.S.C. § 1983, a plaintiff may sue a "person" who violates his constitutional rights under color of law, but the jail is a building, not a legally

recognized person that may be sued under that statute.[2]  *See Smith v. Knox Cnty. Jail*, 666

F.3d 1037, 1040 (7th Cir. 2012) (jail or department within the jail cannot be sued under

§ 1983 because it cannot accept service of the complaint).  Nor does the complaint include

allegations implicating or identifying any individual who could be held personally

responsible for the allegedly unconstitutional conditions of plaintiff's confinement.  *See*

*Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (a § 1983 claim may only proceed

against individuals who are personally involved in the constitutional violation).  Plaintiff

therefore cannot proceed on his constitutional claim at this time.

That said, plaintiff's allegations that although he was allowed some basic hygiene

items, he was deprived of a mattress and bedding for approximately two months suggest

that he *may* be able to bring a constitutional conditions-of-confinement claim.[3]  *See, e.g,*

*Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) ("jails must meet minimal standards of

habitability" including "adequate bedding"); *Smith v. Boughton*, No. 17-cv-179-bbc, 2018

WL 2985869, at *2 (W.D. Wis. June 14, 2018) (noting that "courts have found that a

lack of bedding qualifies as the denial of a basic life necessity" but that constitutional

protections do not apply to uncomfortable beds or mattresses).  The court will give him an

---

[2] Relatedly, neither the country nor country officials can be sued for the actions of its employees unless the alleged constitutional violations were caused by an official policy, a custom or practice or an official with final policy-making authority.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1971).

[3] Plaintiff does not identify in his complaint whether he was a convicted prisoner or a pretrial detainee while in segregation at the jail, so his claim may fall under the Eighth Amendment's Cruel and Unusual Punishment Clause or the Fourteenth Amendment's Due Process Clause respectively, depending on his status at the time of the events at issue.  A key difference between the constitutional standards is that for a Fourteenth Amendment claim, a plaintiff does not need to prove anything about the defendant's subjective state of mind.  *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).  If plaintiff opts to file an amended complaint, he should allege his status as either a convicted prisoner or a pretrial detainee.  The court then will address the proper standard when it screens plaintiff's amended complaint.

opportunity to amend his complaint to include any good-faith allegations detailing his conditions of confinement while in segregation at the jail and how those conditions affected him, and to identify which defendants were personally responsible for and aware of those conditions.  However, plaintiff should drop his state law claims.

If plaintiff chooses to draft an amended complaint, he should include *all* of his factual allegations in that pleading, so that it replaces his prior complaint, setting legal argument aside.  *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (noting that complaints "initiate the litigation," and "legal arguments come later").  He should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events.  He should be sure to identify the specific defendants who are being sued, and the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place.  After the court receives plaintiff's proposed amended complaint in this lawsuit, the court will screen it and determine whether this case may proceed further.

## ORDER

IT IS ORDERED that plaintiff Armecco Antonio Flemino's complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8.  Plaintiff has until **June 28, 2022**, to file an amended complaint that corrects the deficiencies described above.  Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims **with prejudice** for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 7th day of June, 2022.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

5