IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMECCO ANTONIO FLEMINO,

                Plaintiff,

v.                                          OPINION and ORDER

EAU CLAIRE COUNTY JAIL,                21-cv-187-wmc[1]

                Defendant.

---

Plaintiff Armecco Antonio Flemino is now incarcerated in Green Bay Correctional Institution. He has filed a complaint about his conditions of confinement while he was incarcerated at the Eau Claire County jail. Flemino seeks leave to proceed in forma pauperis, and he has made an initial payment toward the filing fee.

In a previous order, the court dismissed Flemino's complaint for its failure to comply with Federal Rule of Civil Procedure 8. Dkt. 8. Flemino has submitted an amended complaint that I will screen and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With this standard in mind, I conclude that the amended complaint must be dismissed. But I will give Flemino an opportunity to file a second amended complaint that corrects the problems I describe in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

Flemino was housed in segregation at the Eau Claire County jail between July and September 2020. During this time, defendants Sergeant Fields, Sergeant Castel, Sergeant Pendergast, Sergeant Ollie, and Sheriff Ron Cramer allowed Flemino out of his cell for 30 minutes three days a week to take a shower and make phone calls. They also removed Flemino's mattress, bedding, linens, and all personal property from his cell from 8:00 a.m. until 8:00 p.m.

ANALYSIS

Flemino indicates that he is suing under federal law for violations of his Eighth Amendment rights. He seeks damages and a change in the jail's policies. But because Flemino is no longer incarcerated at the Eau Claire County jail, any claim for injunctive relief against that facility is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (if a prisoner is transferred to another institution, his request for injunctive relief is moot unless he can make a reasonable showing that he is likely to be re-transferred); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

Although Flemino invokes the Eighth Amendment, there is still the question of his legal status while at jail, which the amended complaint does not clarify. If he was a pretrial detainee, his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a convicted prisoner, his rights arise out of the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019). The Seventh Circuit Court of Appeals has yet to decide whether an individual detained on a hold should be treated as a convicted prisoner or a pretrial detainee. *See The Estate of Jeffery Nottestad v. LaCrosse Cnty*, Case No. 21-cv-535-jdp, 2022 WL 17583798 at * 5 (W.D. Wis. Dec. 12, 2022) (citing *Estate*

of *Clark v. Walker*, 865 F.3d 544, 546 n.1 (7th Cir. 2017). But in *Smith v. Sangamon County Sheriff's Department*, 715 F.3d 188, 191 (7th Cir. 2013), the court of appeals treated a plaintiff on a parole hold as a pretrial detainee without directly addressing the issue, and this court has assumed that the Due Process Clause governs the claims of a person detained on a probation or parole hold, *see Bennett v. Syed*, No. 20-cv-861-jdp, 2022 WL 1521761, at *5 (W.D. Wis. May 13, 2022). I need not determine at this stage Flemino's legal status because he fails to state a claim even under the more lenient Fourteenth Amendment standard.

Flemino alleges that he endured unconstitutional conditions of confinement in segregation at the jail. Prison or jail officials must provide inmates with, among other things, adequate shelter, sanitation, and utilities. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). To state a Fourteenth Amendment conditions-of-confinement claim, a plaintiff must allege that the complained of conditions were objectively serious, that the defendant acted purposefully, knowingly, or perhaps even recklessly with respect to the consequences of his actions, and that the defendant's actions were objectively unreasonable. *See Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022); *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring). It is not enough to show negligence, but the Fourteenth Amendment test does not require proof of a defendant's subjective awareness that the conduct was unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Flemino has not stated a claim under this standard. He alleges that while in segregation for two months, he was allowed out of his cell for 30 minutes three times a week to shower and use the phone and was without bedding or personal property during the day. Conditions that "pos[e] a substantial risk of serious harm" are objectively serious. *Hardeman*, 933 F.3d at 826–27 (Sykes, J. concurring). I cannot infer that these were objectively serious conditions that

posed a serious risk of harm to Flemino without any explanation of how these conditions affected him. *Compare Hardeman*, 933 F.3d at 820, 824 (three days of unflushable toilets, and insufficient water to shower, to drink, to take medicines, to brush teeth, and to clean living areas constituted objectively unreasonable conditions that caused tangible harm to inmates).

Flemino's allegations are sparse. Because it may still be possible for him to state a constitutional claim, I will allow him one final opportunity to file an amended complaint that addresses the problems I have described in this order. In drafting his amended complaint, Flemino should name everyone he wants to sue in the caption and explain how they each violated his rights. Flemino should also clarify whether he was a convicted prisoner, a pretrial detainee, or on a supervision hold while he was incarcerated in the Eau Claire County jail. If Flemino does not respond by the deadline indicated below, I will dismiss this lawsuit.

ORDER

IT IS ORDERED that:

1) Plaintiff Armecco Antonio Flemino's amended complaint, Dkt. 9, is DISMISSED for failure to state a claim upon which relief can be granted.

2) Plaintiff may have until **March 3, 2023**, to file a second amended complaint that corrects the deficiencies described in this order.

3) Plaintiff must file his second amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely.

4) The second amended complaint will act as a complete substitute for the amended complaint. The case will proceed on only the allegations made and claims presented in the second amended complaint.

5) If plaintiff fails to respond by that deadline, I will dismiss this lawsuit.

6) It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered February 10, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge